**Danell L. PRATT, Petitioner-Appellant,**

v.

**B. GOWER, Respondent-Appellee.**

**No. 16-15535**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted January 10,
2018 San Francisco, California

Filed January 19, 2018

Randi Covin, Law Offices of Randi Co-
vin, Willits, CA, for Petitioner-Appellant

Masha Dabiza, Deputy Assistant Attor-
ney General, California Department of
Justice, San Francisco, CA, Bruce Ortega,
Deputy Attorney General, AGCA—Office
of the California Attorney General, San
Francisco, CA, for Respondent-Appellee

Before: THOMAS, Chief Judge, and
RAWLINSON and WATFORD, Circuit
Judges.

MEMORANDUM *

Danell Pratt appeals the district court's
denial of his petition for a writ of habeas
corpus brought under 28 U.S.C. § 2254.
We have jurisdiction pursuant to 28 U.S.C.
§ 2253, and we affirm.

The district court did not err in holding
that the state court reasonably concluded
that Pratt's right to confront witnesses
under the Sixth Amendment was not vio-

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

lated by the admission of jail phone rec-
ords. 28 U.S.C. § 2254(d). The state court
reasonably concluded that the jail phone
records were cumulative of other evidence
that tended to show Pratt's attempt to
fabricate an alibi. The state court did not
misapply clearly established law or make
an unreasonable determination of fact
when it concluded that Pratt was not prej-
udiced by the admission of the records.

We need not decide whether Pratt's
counsel's performance was constitutionally
deficient because Pratt's claims of ineffec-
tive assistance of counsel fail for lack of
prejudice. *See Strickland v. Washington*,
466 U.S. 668, 687, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984) (holding that an inef-
fective assistance of counsel claim has two
components: deficient performance and
prejudice). The undisputed evidence
showed that Pratt attempted through vari-
ous means to fabricate an alibi. Eyewit-
nesses identified him as the shooter. Thus,
the state court reasonably determined that
Pratt failed to demonstrate *Strickland*
prejudice on the claims it considered.

To the extent that the state court over-
looked some of Pratt's ineffective assis-
tance of counsel claims, we review those
claims *de novo. Johnson v. Williams*, 568
U.S. 289, 302–03, 133 S.Ct. 1088, 185
L.Ed.2d 105 (2013). On *de novo* review, for
the same reasons, we conclude that Pratt
failed to establish *Strickland* prejudice on
those claims.

We review Pratt's claim of complete de-
nial of counsel under the Sixth Amend-
ment *de novo* because the state court over-
looked the claim. *Id.* The denial of counsel
inquiry focuses on whether counsel
"act[ed] in the role of an advocate" and put
the prosecution's case to "meaningful ad-

by Ninth Circuit Rule 36-3.

versarial testing." *United States v. Cronic*, 466 U.S. 648, 656, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). As the District Court noted, "the record reflects a trial attorney who was perhaps not particularly skillful but who nevertheless successfully made and argued against objections, adequately cross-examined government witnesses, presented a logical defense to the jury in light of the evidence, and advocated on Petitioner's behalf during a jury instruction conference and at sentencing." The record reveals that Pratt was not completely denied counsel.

We are troubled by some of the allegations made by Pratt as to his attorney's conduct, as was the State of California. However, applying the appropriate legal standards to this case, we conclude that the district court properly denied Pratt's petition for a writ of habeas corpus.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.